FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

OCT 17 AM 10: 07

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| JAMES LEE ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV607-040 |
| ) | |
| HUGH SMITH, Warden, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983 challenging the constitutionality of the disciplinary sanctions imposed upon him at Georgia State Prison. Doc. 1. On July 12, 2007, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. See Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. Early case screening permits dismissal if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; see 28 U.S.C. § 1915(e)(2)(B); see also 42 U.S.C. § 1997e(c)(1). The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.[1]

Plaintiff, an inmate at Georgia State Prison (GSP), brings several claims regarding his conditions of confinement. First, plaintiff alleges that members of the GSP staff violated his due process rights by issuing defective disciplinary reports and subjecting him to the inappropriate sanction of disciplinary segregation in violation of GSP procedures. Doc. 1,

---

[1] Plaintiff has filed two amended complaints. Docs. 7, 8. The Court will consider these along with plaintiff's initial complaint.

at 4-6. He alleges that defendants Shirley Jones, Shyneka Brown, Robin Grubbs, Christina Hamrick, Denise Sneed, Dorothy Williams, Samaria Davis, and Hannah McCrory, all female officers assigned to guard the dorm area where he was housed, issued "an excessive number" of disciplinary reports (either 17 or 19) because he engaged in "personal private acts of masterbation [sic]" while in his cell. Doc. 7, at 4; doc. 1, at 11. He alleges that from October 3, 2006 to February 20, 2007, these defendants punished him severely by imposing a "total of 114 months disciplinary segregation and other unconstitutional prison restrictions" upon him. Doc. 1, at 12. Plaintiff argues that this punishment violates S.O.P. IIB02-0001. Doc. 1, at 13. The prison regulation "does not mention or outline any procedures/sanctions governing disciplinary segregation." Id. Since the regulation is silent on the matter, plaintiff contends that defendants have created a "variance" at GSP "that permits and or unconstitutionally allows the imposition of severe punishments" not permitted under the regulation. Id.

Plaintiff further claim that he has been deprived of certain property in violation of the prison regulations, and he alleges that defendants Eric

Hemphill and Jimmy Kennedy (disciplinary hearing officers), Warden Hugh Smith, Gwen Strickland (GSP executive assistant), and Sandra Butler, Katherine Cadena, and Shevondah Fields (inmate affairs and appeals personnel), violated plaintiff's right to due process by denying him a disciplinary hearing and a valid appeal procedure. Doc. 1. He also argues that defendants Hemphill and Kennedy denied him due process by failing "to provide an adequate written disposition of the finding of guilt." Id. Finally, plaintiff contends that the acts and omissions of defendants Hugh Smith, Eric Hemphill, James Donald, Gwen Strickland, Sandra Butler, Shevondah Fields, and Katherine Cadena constitute "clear discriminatory practices, denial of equal protection," and denial of due process. Id.

The Court first addresses the prison disciplinary practices. In order to find a deprivation of due process, plaintiff must first show the requisite liberty interest. A prisoner has a liberty interest, the deprivation of which requires due process, in two situations. The first arises directly from the Due Process Clause itself, "when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court." Kirby v. Siegelman, 195 F.3d 1285, 1290-91 (11th Cir. 1999).

The second arises from a state law creation of a liberty interest, "when the state has consistently bestowed a certain benefit to prisoners . . . and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Id. at 1291 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

Plaintiff has not alleged that the disciplinary segregation adds to the sentence imposed. He has merely been moved to a separate environment within the prison due to his refusal to cease engaging in "personal private acts of mast[u]rbation." Doc. 7, at 3. Plaintiff also fails to demonstrate that the state has created a liberty interest in remaining in the general prison population. The crux of plaintiff's argument is that the state published an "Authorized Disciplinary Sanctions List," and that disciplinary segregation is not on that list. Doc. 1. He argues that the state, through prison regulation S.O.P. IIB02-0001, has guaranteed him isolated confinement, not disciplinary segregation. Doc. 7. Plaintiff cannot rely on the regulation, for courts no longer look to prison regulations to find a liberty interest. Sandin, 515 U.S. at 479-86 (overruling in part Hewitt v. Helms, 459 U.S. 460 (1983)). A liberty interest is only created where the

change in the prisoner's conditions imposes a hardship that is "atypical and significant . . . in relation to the ordinary incidents of prison life." Id. at 483.

The Eleventh Circuit has previously held that administrative segregation in Georgia State Prison does not give rise to the required liberty interest. Al-Amin v. Donald, 165 Fed. App'x 733 (11th Cir. 2006) (GSP inmate's confinement in administrative segregation for thirty months implicated no liberty interest because conditions of segregation were basically equivalent to those of the general population). Accordingly, plaintiff's claim is without merit.

Plaintiff also asserts a claim under § 1983 for the alleged unconstitutional deprivation of his property. The United States Supreme Court has held that the unauthorized, intentional deprivation of property by a police officer does not constitute a violation of the due process clause, provided state law affords a meaningful post-deprivation remedy for the loss which the aggrieved prisoner may pursue. Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); see also Parratt v. Taylor, 451 U.S. 527, 539 (1981) (negligent loss of property not actionable where adequate state remedy exists). Under Georgia law, a prisoner is provided with a mechanism for

pursuing a post-deprivation remedy. See O.C.G.A. § 51-10-1 (providing a cause of action in tort for the wrongful deprivation of personal property). This provision provides an adequate post-deprivation remedy to plaintiff in the instant case, and to the extent that the "seizure" of plaintiff's property was tortious, plaintiff is free to pursue his remedies in the state courts. Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991). Plaintiff's claim therefore fails.[2]

Plaintiff also apparently contests the adequacy of prison grievance procedures. Doc. 1 (plaintiff claims denial of hearings, denial of appeal procedures, and failure to provide an adequate written disposition of the finding of guilt). Prison grievance procedures are not constitutionally mandated. Baker v. Rexroad, 159 Fed. App'x 61, 62 (11th Cir. 2005); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (holding that the Constitution creates no entitlement or access to grievance procedures). Since these procedures are not mandated, they do not create a liberty interest that can

---

[2] Plaintiff does not allege that he was prevented from pursuing a state law claim under O.C.G.A. 51-10-1. As such, he cannot claim that the deprivation of property was unconstitutional as applied to him.

give rise to a due process violation. See Baker, 159 Fed. App'x at 62. Plaintiff's claims relating to the adequacy of prison grievance procedures are without merit.

Finally, plaintiff's generalized claims under Equal Protection and the Due Process Clause must fail, because they fail to meet required pleading standards. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 1964–65. Plaintiff's conclusory statements clearly fail to meet the minimum pleading requirements of the federal rules.

Accordingly, the Court recommends that plaintiff's complaint be

**DISMISSED** for failure to state a claim.

**SO REPORTED AND RECOMMENDED** this _16TH_ day of October, 2007.

                                                          */s/ Smith*
                                     **UNITED STATES MAGISTRATE JUDGE**
                                     **SOUTHERN DISTRICT OF GEORGIA**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| JAMES LEE ROBERTS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV607-040 |
| HUGH SMITH, Warden, et al., | ) ) ) |
| Defendants. | ) |

# ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this ____ day of _____, 2007.

_____
B. AVANT EDENFIELD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

JAMES LEE ROBERTS, )
)
    Plaintiff, )
)
v. ) Case No. CV607-040
)
HUGH SMITH, Warden, et al., )
)
    Defendants. )

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this \_\_\_\_ day of _____, 2007.

> B. AVANT EDENFIELD
> UNITED STATES DISTRICT JUDGE
> SOUTHERN DISTRICT OF GEORGIA